IN THE SUPREME COURT OF THE STATE OF DELAWARE

THOMAS F. KANE, §
§
    Defendant Below, § No. 388, 2020
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 0612001862 (K)
§
    Plaintiff Below, §
    Appellee. §

Submitted: March 9, 2021
Decided: March 29, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## O R D E R

After careful consideration of the appellant's opening brief, the State's motion

to affirm, and the record on appeal, we conclude that the judgment below should be

affirmed on the basis of the Superior Court's order, dated October 15, 2020, denying

the appellant's motion seeking to set aside his 2008 conviction for first-degree

murder and other charges pursuant to a plea of guilty but mentally ill. The Superior

Court correctly determined that Superior Court Criminal Rule 61 provides the sole

means by which a defendant may seek to set aside a conviction.[1] The appellant's

---

[1] *See Alley v. State*, 2015 WL 7188326, at *1 (Del. Nov. 13, 2015) ("Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a conviction."); *Kane v. State*, 2018 WL 1341710, at *1 (Del. Mar. 14, 2018) ("Superior Court Criminal Rule 61 provides the exclusive

previous motions for postconviction relief have been denied,[2] and the appellant has not pleaded any circumstances under Rule 61(d)(2)(i) or (d)(2)(ii) that overcome the procedural bars set forth in Rule 61,[3] nor does he claim that the Superior Court lacked jurisdiction.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

remedy for setting aside a final criminal conviction.").  *See also* DEL. SUPER. CT. CRIM. R. 61(a)(2) ("The remedy afforded by this rule may not be sought by a petition for a writ of habeas corpus or in any manner other than as provided herein.").

[2] *See Kane v. State*, 2020 WL 2530218 (Del. May 18, 2020) (affirming denial of third motion for postconviction relief, including claim that the Superior Court did not comply with 11 *Del. C.* § 408(a) when accepting his plea of guilty but mentally ill); *Kane v. State*, 2016 WL 1165949 (Del. Mar. 17, 2016) (affirming denial of first and second motions for postconviction relief).

[3] DEL. SUPER. CT. CRIM. R. 61(i).

[4] *Id.* R. 61(i)(5).